# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARZA R. NELSON,<br><br>            Petitioner,<br><br>      v.<br><br>KEN CLARK,<br><br>            Respondent.<br>_____/ | 1:08-cv-00114 OWW SMS HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR JUDICIAL NOTICE OF NINTH CIRCUIT RULING<br><br>[Doc. 8] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on January 23, 2008. On January 29, 2008, the Court issued an order directing Respondent to file a responsive pleading.[1] (Court Doc. 5.)

On February 21, 2008, Petitioner filed a motion requesting the Court to take judicial notice of the Ninth Circuit Court of Appeals recent decision in <u>Hayward v. Marshall</u>, 512 F.3d 536 (Jan. 2, 2008). In his motion, Petitioner compares his case both legally and factually to the circumstances present in <u>Hayward</u>. (<u>See</u> Motion.)

## DISCUSSION

"A court may take judicial notice of its own records in other cases, as well as the records

---

[1] A motion to dismiss is currently due on or before March 28, 2008 or an answer is due on or before April 29, 2008. (Court Doc. 5.)

of an inferior court in other cases." United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980). Fed. R. Evid. § 201(b)(2) permits judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

      The Court cannot take judicial notice of factual circumstances in a vacuum. Rather, the facts must be placed in context. As the Court has yet to review the merits of the instant petition, the Court cannot determine the applicability of the opinion in Hayward.[2] In addition, as noted above, the Court may not take judicial notice of a fact that is subject to reasonable dispute. Fed. R. Evid. § 201(b). The application of the Ninth Circuit's opinion to the circumstances of Petitioner's case, is not "generally known" or "capable of accurate and ready determination." Id.

      Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for judicial notice is GRANTED in part. The Court hereby TAKES judicial notice of the existence of the Ninth Circuit's recent opinion in Hayward v. Marshall, 512 F.3d 536 (Jan. 2, 2008).

IT IS SO ORDERED.

**Dated:   March 5, 2008**        /s/ Sandra M. Snyder
      UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is advised that if and when the Court reviews the merits of the petition, Petitioner may argue the applicability of holding in Hayward.

2