# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARZA R. NELSON, | 1:08-cv-00114 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| KEN CLARK, | [Docs. 11, 12] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

PROCEDURAL HISTORY

In the instant petition, Petitioner challenges the Board of Parole Hearings' (BPH) denial of parole in 2002, 2003, 2004, and 2005. (Petition, at iii.) Petitioner contends that he appeared before the BPH in 2002, 2003, and 2005 for suitability hearings and was found unsuitable. Petitioner also contends that the BPH improperly postponed his 2004 suitability hearing.

On May 9, 2004, Petitioner filed a petition for writ of habeas corpus in the superior court challenging the BPH's 2002 parole decision.[1] (Exhibit 1, at p. 34.)

On November 8, 2004, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fourth Appellate District. (Id. at 1, 34-35.) The petition was denied

---

[1] Respondent does not submit a copy of this petition, and assumes, as does this Court, that Petitioner's allegations in his petition filed in the California Court of Appeal is correct. (See Exhibit 1, at p. 34.)

1

1  on November 18, 2004.  (Exhibit 2.)

2       On May 17, 2005, Petitioner filed a petition in the California Supreme Court.  (Exhibit 3.)
3  The petition was denied on March 21, 2007, with a citation to *People v. Duvall*, 9 Cal.4th 464,
4  474 (1995).  (Exhibit 4.)

5       On October 4, 2006, Petitioner filed a petition for writ of habeas in the superior court,
6  challenging the BPH's 2002, 2003, and 2005 decisions denying parole.  (*See generally*, Exhibit
7  5.)  The petition was denied on March 26, 2007.  (Exhibit 6.)

8       Petitioner subsequently filed two petitions in the California Court of Appeal, Fourth
9  Appellate District, on May 4, 2007, and May 15, 2007.  (Exhibits 7, 8, 9.)  In both petitions,
10 Petitioner challenged the BPH's 2002, 2003, and 2005 decisions denying parole.  (*See generally*,
11 Exhibits 7, 9.)  The Court of Appeal denied the petitions on May 17, 2007, and June 4, 2007.
12 (Exhibits 10, 11.)

13      On May 31, 2007, Petitioner filed a petition for review in the California Supreme Court.
14 (Exhibits 12, 13.)  In that petition, Petitioner stated that there were no grounds for review, but it
15 was filed for the limited purpose to exhaust the state court remedies.  (Exhibit 13, at 1-2.)  The
16 petition was summarily denied on August 8, 2007.  (Exhibit 14.)

17      Petitioner did not file any other petitions in the California Supreme Court after the
18 petition filed on May 31, 2007.  (Exhibits 15, 16, 17.)

19      Petitioner filed the instant federal petition for writ of habeas corpus on January 23, 2008.
20 (Court Doc. 1.)  Respondent filed the instant motion to dismiss on April 2, 2008.  (Court Docs.
21 11, 12.)  Petitioner filed an opposition on May 5, 2008.  (Court Doc. 13.)  Respondent filed a
22 reply on May 15, 2008, and Petitioner filed a sur-reply on May 29, 2008.  (Court Docs. 14, 17.)

23 DISCUSSION

24 A.    <u>Procedural Grounds for Motion to Dismiss</u>

25      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
26 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
27 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.
28      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Timeliness of Respondent's Motion to Dismiss

Initially, Petitioner contends that Respondent's motion to dismiss, filed April 2, 2008, is untimely. As Respondent correctly submits in his reply, the Court's order to respond issued January 29, 2008, directed that a motion to dismiss be filed within sixty days. Sixty days after January 29, 2008, is March 29, 2008. However, March 29, 2008, is a Saturday, so the filing date advanced to the following Monday, March 31, 2008. Fed. R. Civ. P. 6(a). Because March 31, 2008, is a state holiday, the filing date was advanced again to Tuesday, April 1, 2008. Fed. R. Civ. P. 6(a). In addition, the filing date was advanced by three days because the Court's order to respond was served electronically, making the due date Friday, April 4, 2008. Fed. R. Civ. P. 6(e). As Respondent's motion to dismiss was filed on April 2, 2008, it is timely, and Petitioner's argument to the contrary is unfounded.

C.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on January 23, 2008, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

"Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an

application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In the context of reviewing parole decisions, due process requires that: 1) the inmate must receive advance written notice of a hearing, Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an "opportunity to be heard," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some evidence" having an indicia of reliability, Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).

In the instant petition, Petitioner contends that the BPH's decisions denying him parole violated his federal rights. Petitioner was found unsuitable for release on parole at three separate hearings which took place on February 19, 2002, October 3, 2003, and September 2, 2005. (Petition, at iii.) Petitioner also contends that the BPH postponed his suitability hearing in October of 2004. (Id.) The factual basis of Petitioner's claim should have been readily discovered at the conclusion of his last parole hearing on September 2, 2005. Because that decision was merely a proposed decision, it did not become final until 120 days thereafter on December 31, 2005. Cal. Code Regs., tit. 15, § 2041(h); Cal. Penal Code § 3041(b) (Board decisions are final 120 days after the hearing).

Based on these facts, the statute of limitations began to run the following day on January 1, 2006, and Petitioner had until January 2, 2007, to file his federal petition. However, Petitioner did not file the instant petition until January 23, 2008, and absent tolling the petition is untimely.

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28

U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214 (2002).

Here, Petitioner waited 743 days (between January 2, 2006 and January 15, 2008) after discovering his claims to file his request for federal relief.  After the limitations period commenced, Petitioner filed his state petition for writ of habeas corpus on September 26, 2006, and 267 days of the one-year limitations period expired.  As Respondent concedes, the limitations period was tolled during the time the petitions were pending in the state courts (i.e. September 26, 2006 through August 8, 2007), resulting in 334 days of the limitations period being tolled. (Exhibits 6-17.)  Giving Petitioner the credit of the applicable statutory tolling, as Respondent correctly argues, the instant petition is untimely by forty-four (44) days (i.e. 743-365-334 = 44).

In order to resolve the issue of statutory tolling, it is necessary to divide and analyze separately the two different rounds of state court review.  The first round of review began on May 9, 2004, with the filing of a petition for writ of habeas corpus in the superior court challenging the Board's 2002 decision only. (Exhibit 1, to Motion, at 34.)  Following the denial by the superior court, Petitioner filed a petition in the California Court of Appeal also challenging the Board's 2002 parole decision. (Id., at 1, 34-35.)  The petition was denied on November 18, 2004. (Exhibit 2, to Motion.)  On May 17, 2005, Petitioner filed a petition in the California Supreme Court. (Exhibit 3, Cal. Sup. Ct. No. S132241.)  The petition was denied on March 21, 2007, with a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995). (Exhibit 4.)

The second round of review began on October 4, 2006, with a petition for writ of habeas corpus filed in the superior court. (Exhibit 5.)  In that petition, Petitioner challenged the Board's 2002, 2003, and 2005 decisions denying his parole. (*See generally*, Exhibit 5.)  The superior court denied the petition on March 26, 2007. (Exhibit 6.)  Thereafter Petitioner filed two petitions in the California Court of Appeal, on May 4, 2007, and May 15, 2007. (Exhibits 7, 8, 9.)  In both petitions, Petitioner challenged the Board's 2002, 2003, and 2005 decisions denying

him parole, and the Board's failure to conduct a suitability hearing in 2004. (*See generally*, Exhibits 7 & 9.) The Court of Appeal denied the petitions on May 17, 2007, and June 4, 2007. (Exhibits 10 & 11.) Petitioner filed a petition for review in the California Supreme Court on May 31, 2007. (Exhibits 12 & 13.) In that petition, Petitioner alleged that there were no grounds for review, but he filed his petition to exhaust his state court remedies as a prerequisite to seeking federal relief. (Exhibit 13, at 1-2.) The petition was summarily denied on August 8, 2007. (Exhibit 14.)

As Respondent correctly argues, the plain language of the AEDPA, limits tolling of the limitations period during the pendency of state review process as to the same *pertinent judgment or claim*. 28 U.S.C. § 2244(d)(2) (emphasis added); Tillema v. Long, 253 F.3d 494, 502 (9th Cir. 2001). This being so, the time that Petitioner sought state court review of the Board's 2002 decision only does not toll the AEDPA time period for the claims challenging the Board's subsequent 2003, 2004, and 2005 decisions. As Respondent submits, at best, Petitioner may be entitled to tolling for any claims arising from the Board's 2002 decision during both rounds of state court review. Accordingly, since Petitioner cannot benefit from the time he sought state court review of the Board's 2002 decision to the time period for the subsequent 2003, 2004, and 2005 decisions, those claims remain untimely.

Even giving Petitioner the benefit of doubt, and assuming he is entitled to combine the time from both rounds of state court review of the Board's 2002 decision, any challenge to that decision is nonetheless untimely. Specifically, as Petitioner concedes, he completed the administrative review process challenging the Board's 2002 decision on February 11, 2003. (Exhibit 1, attached to Reply, at 1.)[2] The limitations period for filing a federal petition challenging the Board's 2002 decision began to run no later than February 12, 2003, one day after the Board denied Petitioner's appeal. Accordingly, Petitioner had until February 13, 2004, to file a federal petition challenging the Board's 2002 decision. However, Petitioner did not file

---

[2] Respondent's request for the Court to take judicial notice of Exhibit 1 under Rule 201 of the Federal Rules of Evidence, is granted, in part. The Court grants Respondent's request to the extent that the administrative process was complete on February 11, 2003; however, the Court cannot and does not take judicial notice of the findings made therein.

his first state court petition challenging the 2002 decision until May 9, 2004, over one year after his administrative appeal was denied. As a consequence, because the one year statute of limitations had expired prior to the filing of the first state habeas corpus petition, Petitioner does not receive the benefit of tolling. Ferguson v. Palmateer, 321 F.2d 820, 823 (9th Cir. 2003) (no statutory tolling if AEDPA time period expired before stating the state court review process).[3]

D.   Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner has raised no argument as to how or why the limitations period should be equitably tolling.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as time-barred be GRANTED; and,

2. The instant petition for writ of habeas corpus be DISMISSED, with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

---

[3] In addition, Respondent seeks to dismissal the challenge to the 2002 Board decision as unexhausted because the California Supreme Court denied the petition with a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995). Even though the Court need not reach this argument, it is without merit as it is undisputed that Petitioner re-alleged the claim in his subsequent petition filed in the California Court of Appeal and California Supreme Court. (See Exhibits 7, 8, 9, 12, 13, 14.)

1  Within thirty (30) days after being served with a copy, any party may file written objections with
2  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
4  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
5  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
6  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
7  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
8  Cir. 1991).

9  IT IS SO ORDERED.

10  **Dated:    June 20, 2008**                             /s/ Sandra M. Snyder
                                                          UNITED STATES MAGISTRATE JUDGE